**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | MDL No. 3185<br><br>Case No. 4:26-md-3185-JAR<br><br>ALL CASES |

## JOINT REPORT REGARDING PROPOSED SCHEDULE FOR LIMITED DISCOVERY

COME NOW Plaintiffs, by and through Lead-Counsel, and Defendants TriZetto Provider Solutions, LLC ("TPS"), Cognizant Technology Solutions Corporation ("Cognizant"), (together, "Defendants"), by and through Defendants' Liaison Counsel (collectively, the "Parties") respectfully submit this Joint Report Regarding Proposed Schedule for Limited Discovery pursuant to the Court's Order dated July 6, 2026 (ECF No. 31).

On July 9, 2026, Plaintiffs served initial requests for limited discovery including six (6) interrogatories and three (3) requests for production of documents. *See* Exhibit 1 attached hereto. The requests focus on identification of all enterprise customers whose data was compromised as a result of the TriZetto data incident based on its business relationship with TriZetto, the number of people impacted by the breach for each such customer (which Plaintiffs characterize as a "spoke"), the states for the people impacted by the breach, and the types of data included in the incident. Plaintiffs also requested production of limited documents related to the information requested in the interrogatories.

1

On July 10, 2026, the parties met and conferred about the requested information including the scope and timing of the limited discovery requests. Defendant objects to producing some of the requested information.  Therefore, the parties request the Court provide guidance about the scope and timing of its order granting "limited discovery to identify additional parties," ECF 22.

**Plaintiffs' Position:**

Plaintiffs' limited discovery requests are narrowly tailored to implement the Court's instructions at the June 26, 2026 hearing regarding the efficient identification of the entities and individuals affected by the TriZetto data breach before Plaintiffs file their Consolidated Complaint. Plaintiffs seek only basic information identifying the healthcare providers and other enterprise customers impacted by the breach, the approximate number of affected individuals associated with each entity, the states in which those individuals reside, and the categories of information compromised. This information is uniquely within Defendants' possession.

Limited discovery to identify unknown defendants is common procedure in the Eighth Circuit. *See, e.g.*, *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (noting that a court should order the disclosure of an unknown defendant's identity by other defendants named and served or permit the plaintiff to identify the unknown defendant through discovery); *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (similarly discussing a claimant's ability to seek limited discovery on the identity of unknown defendants); *Jones v. City of St. Louis*, 599 F. Supp. 3d 806, 811 (E.D. Mo. 2022) (same).

To date, Defendant has provided the public with limited information about the Data Breach, making it nearly, if not, impossible for individuals, purported class members, and potential plaintiffs to know if their Private Information was implicated in the Data Breach. Defendant's objections to Plaintiffs' limited discovery similarly attempts to keep Plaintiffs in the dark as to the

2

companies and entities involved in the Data Breach. But Defendant may not shield itself and its third-party provider clients (the "spokes") from liability by playing hide-the-ball.

Contrary to Defendants' characterization, Plaintiffs do not seek this discovery to recruit additional plaintiffs. Rather, Plaintiffs seek it to identify the entities whose conduct is at issue so that Plaintiffs can determine which parties should properly be named as defendants in the Consolidated Complaint. Without this information, Plaintiffs risk either omitting necessary defendants or repeatedly amending the complaint as additional information becomes available, resulting in multiple rounds of motions to dismiss, unnecessary delay, and inefficient piecemeal litigation. The requested discovery therefore serves the Court's interest in efficiently managing this MDL and ensuring that the operative complaint accurately reflects the scope of the alleged breach—and the entities that may bear liability.

Nor is the requested discovery inconsistent with Rule 26. Defendant erroneously claims that Plaintiffs limited discovery is improper to the extent that the current named Plaintiffs do not have a connection with the additional spokes. However, Defendant's objections are a mere guessing game as Plaintiffs have not yet filed a Consolidated Complaint or identified all potentially named plaintiffs. Plaintiffs' counsel has continued to vet additional, potential named plaintiffs since the inception of this case. While multiple purported class members have come forward, interested in acting as a lead plaintiff in this case, standing for some has yet to be fully vetted as Defendant has not identified all entities impacted in the Data Breach.

The Court specifically authorized limited discovery before the filing of the Consolidated Complaint to facilitate identification of the appropriate defendants and to streamline the litigation. *See Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) (District courts are accorded wide discretion in dealing with discovery matters.). It also directed the parties to confer regarding its

scope. Plaintiffs' requests are narrowly focused on the identities of the affected healthcare providers and other entities and the basic contours of the breach itself—the precise factual information necessary to plead the claims arising from the Data Breach and to identify the appropriate defendants.

Defendant's claim that Plaintiffs' limited discovery requests seek a "class list" or to find additional plaintiffs is a red herring. This is not discovery into the merits of absent class members' claims or an effort to identify potential claimants for solicitation. Nor do Plaintiffs seek contact information for affected individuals or any information that could be used to solicit additional plaintiffs. Plaintiffs seek only the identities of the affected entities and the limited information necessary to determine which parties should be named as defendants. That information is necessary to understand the scope of the breach and the parties that may be at fault, and it is information that many defendants routinely provide in hub-and-spoke data breach litigation. *See*, *e.g.*, *In re: Conduent Business Services Data Breach Litig.*, No. 2:25-cv-16953-MEF-MAH (D.N.J.), ECF 132 (granting extension of time to file consolidated complaint so that plaintiffs could identify additional spoke defendants); *In re Phia Group LLC Data Security Litig.*, No. 1:26-cv-10530-AK (D. Mass.), ECF 56-57 (granting extension of time to file consolidated complaint to allow the parties to engage in limited discovery regarding additional spokes for the purpose of naming them in the consolidated complaint).

Indeed, Defendants themselves acknowledge that they possess the information identifying the affected providers. Plaintiffs merely seek disclosure of that information so that they can identify the appropriate defendants before filing the Consolidated Complaint. Because Defendants

alone possess this information, there is no practical alternative source from which Plaintiffs may obtain it.[1]

Defendant's objections to Plaintiffs' limited discovery will not prevent this information from coming to light, it will only delay it. The information that Plaintiffs seek in their limited discovery requests is information that they will inevitability obtain later through initial disclosures and formal discovery. Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring initial disclosure of all individuals likely to have discoverable information); Fed. R. Civ. P. 26(b)(1) (noting that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case); *Centrix Fin. Liquidating Trust v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 4:12-MC-624-JAR, 2013 WL 3225802, at *2 (E.D. Mo. Jun. 25, 2013) ("[D]iscovery rules are to be 'broadly and liberally construed' in order to serve the purpose of discovery which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." (quoting *Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589, 590 (D. Neb. 1995)). Identifying the various spokes of the breach at this early stage will negate the need to file potentially multiple Amended Complaints and Motions to Dismiss avoiding piecemeal litigation and inefficient litigation.

Plaintiffs further believe the standard thirty-day response period provides Defendants sufficient time to compile the requested information, which should already exist as part of Defendants' breach investigation and notification efforts. To the extent the requested information constitutes confidential business information, Plaintiffs do not object to entry of an appropriate protective order before production.

---

[1] Liaison counsel for the spokes did not participate in the parties' meet-and-confer but represented that she was unaware of the identities of the additional affected provider entities beyond the currently named defendants.

Based on information available to Plaintiffs, there may be as many as 200 affected provider entities, including downstream providers. Plaintiffs do not anticipate naming every affected entity as a defendant. Rather, Plaintiffs seek sufficient information to determine which entities should appropriately be included in the Consolidated Complaint. Defendants' position would require Plaintiffs to file a Consolidated Complaint without knowing the identity of many of the entities involved in the very incident giving rise to this MDL. Because only Defendants possess this information, prompt production is necessary to facilitate the efficient prosecution of this action.

**Defendants' Position:**

Defendants intend to respond to Plaintiffs' requests insofar as Plaintiffs seek information about the specific healthcare providers through which the named Plaintiffs' data may have been affected by the Incident.  The parties are agreed that the information sought includes sensitive business information, such that a protective order should be entered prior to its production to Plaintiffs.  The parties plan to meet and confer on a proposed protective order in the near future. Further, in order to provide the requested information about the specific healthcare providers associated with the named Plaintiffs, Defendants require sufficient identifying information to uniquely identify each named Plaintiff—specifically, full name, date of birth, current home address, current email address, member/group identification number, and Social Security number. Plaintiffs have indicated that they will provide limited information sufficient to identify each named Plaintiff pursuant to an agreed protective order.  Defendants believe that, if Plaintiffs timely provide the required information and a protective order is timely entered, the pre-consolidated-complaint discovery phase can be completed within 45 days of those steps being completed.

Defendants object to Plaintiffs' requests insofar as Plaintiffs seek information about third-party providers which have no connection with any named Plaintiff. Such discovery would be the

6

opposite of "limited."  ECF No. 31.  Indeed, it would amount to an impermissible fishing expedition, seeking information irrelevant to any claim or defense presently before the Court, and which Plaintiffs would have no right to use as they intend even if it were somehow discoverable (which it is not).  To facilitate a timely resolution of this dispute, Defendants have agreed to submit this dispute to the Court in the present report rather than waiting thirty days to serve objections and responses to Plaintiffs' requests.

To begin, Plaintiffs' requests for information as to third parties with which no named Plaintiff has any connection far exceeds the permissible scope of discovery.  "[W]ith one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery."  *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).  Rather, discovery is limited to what is "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  It is well-settled that "potential members of a hypothetical class are not parties" for discovery purposes.  *Mehl v. Canadian Pac. Ry.*, 216 F.R.D. 627, 631 (D.N.D. 2003).  Neither are purported "potentially named" plaintiffs whom Plaintiffs have not even identified, let alone added to the litigation, and about whose purported potential claims Defendants are not obliged to "guess[]."  *Cf. supra* at 3.  Accordingly, pre-class-certification discovery is necessarily limited to information relevant to the named plaintiffs' claims, the named defendants' defenses thereto, and information relevant to the Rule 23 class certification requirements.  *See, e.g.*, *id*.  Plaintiffs' cited caselaw is not to the contrary: it shows only that courts sometimes permit discovery as to a *named plaintiff's* claim against an unidentified "John Doe" defendant, a far cry from discovery as to non-parties against whom no named plaintiff has even a potential claim.  *See supra* at 3 (citing *Munz*, 758 F.2d 1254; *Estate of Rosenberg*, 56 F.3d 35; *Jones*, 599 F. Supp. 3d 806).

Plaintiffs' appeal to this Court's "wide discretion" regarding discovery issues, *see supra* at 3-4, cannot save their request, because Plaintiffs could never obtain discovery as to the information they seek prior to satisfying the rigorous requirements of Rule 23.  Courts can limit the scope of discovery otherwise permissible under Rule 26 in light of the circumstances of the case, *Cook*, 840 F.2d at 604, and courts presiding over putative class action cases routinely "limit the initial phase of discovery to class certification issues." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 893 (8th Cir. 2014).  But discovery on class certification issues is not an opportunity to obtain information to be used to recruit additional named plaintiffs—to the contrary, "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)."  *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), and granting mandamus against district court order permitting discovery to identify new named plaintiffs); *see also, e.g.*, *Reed v. Bowen*, 849 F.2d 1307, 1313-14 (10th Cir. 1988) (upholding district court order denying discovery to identify new named plaintiffs); *Knutson v. Blue Cross & Blue Shield of Minnesota*, 254 F.R.D. 553, 557 (D. Minn. 2008) ("Discovery sought solely for the purpose of inviting others to join this litigation would not achieve [Rule 26's] purpose and would not be not relevant to the particular claims and defenses currently asserted in this case.").  That is exactly what Plaintiffs request here. No class has been certified in this action, and the named Plaintiffs' standing to pursue discovery is limited to their own individual claims and Rule 23 class certification issues.  Absent class certification, no named Plaintiff has a cognizable interest in the identity of, or information held by, third parties with which he or she has no connection and whose conduct has no possible bearing on his or her individual claims.

8

Even if the discovery Plaintiffs seek were permissible (which it is not), the purpose for which they seek it certainly is not.  Given that Plaintiffs seek information about third parties with which no named Plaintiff has any connection, the only use to which Plaintiffs could put the information sought is the recruitment of additional claimants.  But "[p]laintiffs' counsel 'has no right to governmental assistance through the discovery process to identify and furnish information to potential clients'" who are not parties to the pending litigation—not even if Plaintiffs' counsel and the potential claimants are already in communication.  *Cordoba v. DIRECTV, LLC*, 2022 WL 575117, at *3 (N.D. Ga. Jan. 7, 2022) (quoting *Am. Computer Tr. Leasing v. Jack Farrell Implement Co.*, 136 F.R.D. 160, 163 n.2 (D. Minn. 1991), to hold that use of information obtained in discovery to recruit new named plaintiffs would violate protective order).  To the contrary, Defendants' confidentiality interest in the information sought precludes any such use. The information Plaintiffs seek—including the identities of Defendants' third-party provider clients and the scope of those business relationships—constitutes confidential, sensitive commercial information, and protective orders are routinely entered in cases such as these to ensure the confidentiality of such information.  *E.g.*, *Kramer v. Boeing Co.*, 126 F.R.D. 690, 695 (D. Minn. 1989) ("The appropriate means of maintaining a party's business confidences is by a protective order.").  Indeed, Plaintiffs have acknowledged that such a protective order is appropriate here. But Plaintiffs cannot credibly represent that their proposed discovery would be used solely for purposes of prosecuting the claims presently before this Court, because the only practical utility of identifying third parties unrelated to any named Plaintiff would be to use their names to inform additional non-party claimants of potential claims belonging to them—the opposite of keeping the information confidential.

Plaintiffs have not identified any precedent showing that the discovery process can be conscripted as an advertising mechanism for the recruitment of new plaintiffs, let alone that such discovery is "routine[] . . . in hub-and-spoke data breach litigation," as they suggest. *See supra* at 4. The two unreasoned orders Plaintiffs cite are facially irrelevant to their argument—they simply granted agreed extensions of time without even ordering that any discovery take place. *See In re Conduent Business Services Data Breach Litig.*, No. 2:25-cv-16953-MEF-MAH (D.N.J.), Dkt. No. 132 (so-ordered letter motion to extend time to file a consolidated complaint because plaintiffs expected that additional notice letters would soon be mailed out); *In re Phia Group LLC Data Security Litig.*, No. 1:26-cv-10530-AK (D. Mass.), Dkt. No. 56-57 (text order granting stipulated extension of time, which parties requested after agreeing to voluntary exchange of information regarding plaintiff-provided list of potential additional parties). Tellingly, Plaintiffs' position statement does not even cite the action Plaintiffs' counsel referenced at the June 25, 2026 status conference, *In re Cerner/Oracle Data Breach Litigation*, Case No. 25-cv-00259-CV-W-BP (W.D. Mo.) ("*Cerner/Oracle*"), which certainly does not support their extraordinary request here. While the *Cerner/Oracle* Court did permit pre-consolidated-complaint discovery, that discovery was ***not*** into the identities of third parties having no connection with any named plaintiff. Rather, that Court permitted early discovery "particularly with respect to facts relating to the data breach," on the ground that "[t]he facts surrounding the data breach giving rise to this suit are established, as is the general universe of claims that might arise from it." *Cerner/Oracle* Dkt. No. 59, at 1. Here, by contrast, Plaintiffs seek to use early discovery as a vehicle to identify new plaintiffs and vastly expand the scope of this litigation. The *Cerner/Oracle* Court neither sanctioned nor contemplated a use of discovery so fundamentally at odds with discovery's legitimate aims.

For all these reasons, the Court should sustain Defendants' objections to the broad scope of Plaintiffs' propounded discovery, and limit discovery to information about those third parties which have some connection with a named Plaintiff—i.e., for each named Plaintiff, the specific provider through which his or her data may have been affected by the Incident.

WHEREFORE, the parties respectfully request that Court's guidance to resolve the requested limited discovery as to the scope and timing.

Respectfully Submitted,

By: */s/ Maureen M. Brady*
Maureen M. Brady (MO Bar No. 57800)
**MCSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
T: (816)888-8010
E: mbrady@mcshanebradylaw.com

William B. Federman (*Pro Hac Vice*)
Jessica A. Wilkes (*Pro Hac Vice*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
T: (405) 235-1560
E: wbf@federmanlaw.com
E: jaw@federmanlaw.com

*Plaintiffs' Co-Lead Counsel*

Jason K. Fagelman
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
T: (214) 855-8000
E:jason.fagelman@nortonrosefulbright.com

*Attorney for TriZetto Provider Solutions, LLC and Cognizant Technology Solutions Corporation and Defendants' Liaison Counsel*

11

Jill H. Fertel
**CIPRIANI & WERNER, P.C.**
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19422
T: (610) 567-0700
E: jfertel@c-wlaw.com

*Attorney for Open Door Community Health Centers and Interim Liaison Counsel for the Healthcare Provider Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's CM/ECF system, which will automatically notify all counsel of record.

/s/ Maureen M. Brady
Maureen M. Brady