IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) | MDL No. 3185<br>Case No. 4:26-md-3185-JAR<br>ALL CASES |

**JOINT MOTION FOR ENTRY OF ORDER FOR CENTRAL COORDINATION OF RELATED ACTIONS**

COME NOW Plaintiffs, by and through Co-Lead Counsel Maureen Brady of McShane & Brady LLC and William B. Federman of Federman and Sherwood ("Co-Lead Counsel") and TPS's and Cognizant's counsel Jason Fagelman, Joseph Simmons, and Luke Maher of Norton Rose Fulbright US LLP ("TPS Counsel") and Jill Fertel of Cipriani & Werner, P.C. as liaison counsel for the healthcare provider defendants (together with TPS Counsel, "Defendants' Counsel") (collectively, the "Parties"), respectfully move this Court for entry of an Order Centralizing and Coordinating any Related Actions to this Court. A copy of the proposed Order attached hereto as **Exhibit A**.

The proposed Order is submitted pursuant to the Court's August 10, 2026 Order, which directed "that the parties shall file a proposed order addressing unconsolidated cases by August 21, 2026." [Doc. 48 at 2.] The Parties have conferred, negotiated the terms of the proposed Order, and stipulate to its entry.[1] In support of this Motion, the Parties state as follows:

## BACKGROUND

[1] Pursuant to Local Rule 4.01(A), the grounds and legal authorities supporting this Motion are set forth herein. Because the relief requested is agreed and is submitted at the Court's direction, the Parties respectfully submit that a separate memorandum is unnecessary.

1. On June 5, 2026, the Judicial Panel on Multidistrict Litigation transferred twenty-six actions arising out of the data security incident reported by TriZetto Provider Solutions in or around October 2025 (the "Data Incident") to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. [Docs. 1, 2, 7]. Additional actions have since been transferred to this Court by conditional transfer order or consolidated into this MDL. *See, e.g.*, [Docs. 8, 11, 32].

2. On July 6, 2026, the Court entered its Order Appointing Interim Leadership Counsel. [Doc. 31]. The Court appointed Maureen Brady of McShane & Brady LLC and William Federman of Federman & Sherwood as Plaintiffs' interim co-lead counsel ("Co-Lead Counsel"); recognized Jason Fagelman of Norton Rose Fulbright US LLP as lead and interim liaison counsel for Defendants Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC; and appointed Jill Fertel of Cipriani & Werner, P.C. as interim liaison counsel for the healthcare provider Defendants. *Id.* at 6–7. Among the enumerated duties of Co-Lead Counsel are to "[c]oordinate settlement discussions or other dispute resolution efforts" and to "[e]nter into stipulations with opposing counsel as necessary." (*Id.* at 4.)

3. The Court thereafter defined the scope of preliminary discovery [Doc. 34] and, on August 5, 2026, entered a Protective Order governing the exchange of confidential materials [Doc. 46].

4. The Court held the first monthly status conference in this MDL on August 10, 2026, via Zoom videoconference. [Doc. 47]. As the Court summarized in its Order of the same date, "[c]ounsel for the healthcare provider Defendants reported that there are at least five and likely more unconsolidated state court cases, some involving small non-profit or publicly

funded providers," and "[t]he parties agreed to work together on a proposed order addressing unconsolidated cases." [Doc. 48 at 1].

5. The Court's August 10, 2026 Order set the schedule for preliminary discovery, the consolidated complaint, and Rule 12 responsive pleadings, and further ordered "that the parties shall file a proposed order addressing unconsolidated cases by August 21, 2026." [Doc. 48 at 2].

6. Following the status conference Plaintiffs' Co-Lead Counsel, counsel for Defendants Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC, and liaison counsel for the healthcare provider Defendants conferred and exchanged drafts of a proposed order. The proposed Order attached as **Exhibit A** reflects the Parties' agreement, and each of the Parties' leadership and liaison counsel has stipulated to its entry, as reflected in the signature blocks appended. This Motion is therefore submitted jointly and is unopposed.

## GROUNDS FOR ENTRY OF THE PROPOSED ORDER

7. **The proposed Order is directly responsive to the Court's directive.** The Court ordered the Parties to confer and to file a proposed order addressing unconsolidated cases by August 21, 2026. (Doc. 48 at 2.) The Parties have done so, and Exhibit A is the product of that conferral.

8. **Entry of the proposed Order serves the purposes of 28 U.S.C. § 1407 and the Court's authority to manage this MDL.** Section 1407 authorizes centralization of civil actions involving common questions of fact "for the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). A transferee court likewise possesses "the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Coordination of related state and federal proceedings is a recognized case-management tool that avoids duplicative discovery, inconsistent rulings, and conflicting demands on the parties and the courts. *See* Manual for Complex Litigation (Fourth) §§ 20.3, 20.31 (2004).

9. **The notice provision will give the Court and the Parties a reliable picture of the related litigation.** Counsel reported at the August 10 conference that there are "at least five and likely more" unconsolidated state court cases. [Doc. 48 at 1]. Paragraph 4 of the proposed Order converts that uncertainty into a standing disclosure obligation, so that the Court and the Parties learn promptly of each Related Action, and so that inconsistent positions and duplicative proceedings can be identified and addressed before they multiply.

10. **The direct-filing provisions eliminate transfer delay without impairing any Party's rights.** Absent direct filing, each newly filed federal action must await a conditional transfer order, potential objections, and a Panel order before it can be coordinated here — a process that can consume months and duplicate the work already performed in this MDL. Direct filing removes that delay. At the same time, the proposed Order expressly preserves Defendants' objections based on improper venue, forum non conveniens, lack of personal jurisdiction, and § 1407(a) and *Lexecon* (¶ 10); preserves all timeliness defenses that accrued before direct filing (¶ 11); reserves Defendants' rights to move to dismiss or otherwise respond (¶ 12); and provides a defined objection procedure by which any Party may contest a case's inclusion in the MDL (¶ 9). No Party gives up a substantive right by the entry of this Order.

11. **Centralized settlement authority is consistent with the leadership structure the Court has already established.** The Court appointed Co-Lead Counsel under Federal Rule of Civil Procedure 23(g)(3) and charged them with "coordinat[ing] settlement discussions or other dispute resolution efforts" on behalf of the putative class. [Doc. 31 at 4 and 6]. Paragraphs 3 and 13 of the proposed Order implement that charge by confirming that settlement planning and negotiation of the consumer claims asserted in this MDL proceed through Co-Lead Counsel, so that resolution is not fragmented across parallel proceedings in a manner that would prejudice absent class members or evade the review Rule 23(e) requires. *See* Manual for Complex Litigation (Fourth) § 10.22 (2004).

12. **The relief requested is agreed and no Party is prejudiced.** The proposed Order was negotiated among Plaintiffs' Co-Lead Counsel, lead counsel for the TPS Defendants, and liaison counsel for the healthcare provider Defendants, each of whom stipulates to its entry. It preserves all substantive rights and defenses, operates prospectively, and remains subject to modification by further order of this Court.

**WHEREFORE**, the Parties respectfully request that this Court grant this Motion and enter the joint Order – Central Coordination of Related Actions, and grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Maureen M. Brady*
Maureen M. Brady (MO Bar No. 57800)
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
T: (816) 888-8010
E: mbrady@mcshanebradylaw.com

William B. Federman (Pro Hac Vice)
Jessica A. Wilkes (Pro Hac Vice)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
T: (405) 235-1560
E: wbf@federmanlaw.com
E: jaw@federmanlaw.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Jason K. Fagelman*
Jason K. Fagelman
Joseph M. Simmons
Luke G. Maher
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
T: (214) 855-8000
E: jason.fagelman@nortonrosefulbright.com

*Counsel for Defendants TriZetto Provider Solutions, LLC and Cognizant Technology Solutions Corporation and Defendants' Lead Counsel*

*/s/ Jill H. Fertel*
Jill H. Fertel
CIPRIANI & WERNER, P.C.
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19422
T: (610) 567-0700
E: jfertel@c-wlaw.com

*Counsel for Open Door Community Health Centers and Interim Liaison Counsel for the Healthcare Provider Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's CM/ECF system, which will automatically notify all counsel of record.

*/s/ Maureen M. Brady*
Maureen M. Brady