**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | ) | MDL No. 3185<br>Case No. 4:26-md-3185-JAR |

**ORDER**

This matter is before the Court on Plaintiffs' motion for additional preliminary discovery. (Doc. 54). On June 26, 2026, the Court granted Plaintiffs' request for limited early discovery to identify additional healthcare provider defendants and related claims. (Doc. 22). On July 15, the Court ordered TriZetto to provide a list of its customers and the states where patients were affected by the data breach, but the Court denied Plaintiffs' request for the number of patients impacted through each provider. (Doc. 34). In response to Plaintiffs' interrogatories, TriZetto provided a list identifying 33,564 affected customers – far more than Plaintiffs anticipated. In light of this information, Plaintiffs filed the instant motion to renew their request for the number of patients affected through each provider in order to narrow the universe of potential defendants. Plaintiffs contend that this is the most efficient way to triage providers.[1]

TriZetto objects, arguing that Plaintiffs should only be permitted to name additional provider defendants relating to currently named plaintiff patients and, moreover, production

---

[1] Plaintiffs argue that the absence of a given provider would result in the exclusion of that provider's patients from this litigation. Not so. Those patients would still be part of a putative class vis-à-vis the TriZetto/Cognizant Defendants. By way of example, Plaintiff Niessing asserted his class claims against TriZetto and Cognizant only; his healthcare provider was not named in the complaint, and nothing in the class definition ties to a specific provider. (No. 4:25-cv-1861, Doc. 1).

would be burdensome to TriZetto and prejudicial to absent third parties.[2] TriZetto submits the declaration of its Chief Operating Officer, Heather Donohue, who states that roughly a quarter of affected entities opted for TriZetto to provide individual and regulatory notice of the data breach on their behalf. (Doc. 60-1). TriZetto has reasonably accurate numbers for this subset of customers. For the other 75%, Donohue says TriZetto can't accurately ascertain each entity's population count because the regulatory notice requirement rests with the providers. Regulatory reporting requirements apply to breaches affecting 500 or more patients. 45 C.F.R. § 164.408. Donohue notes that entities who submitted their own regulatory notice may have disclosed their population counts through the HHS Office of Civil Rights (OCR) data breach portal, so this information is public and available to Plaintiffs. TriZetto submits that, if the Court is inclined to grant Plaintiffs' motion in any part, it should limit further discovery to providers connected to already-named plaintiffs and to the entities who opted into TriZetto's notice program, whose population counts TriZetto can readily ascertain.[3]

In reply, Plaintiffs contend that TriZetto possesses population count estimates for roughly 97% of affected entities, as evidenced by a form notice letter produced in earlier discovery. As the Court understands it, this letter from TriZetto to its customers notifies each provider of the

---

[2] TriZetto also argues that Plaintiffs lacked diligence in filing the instant motion three weeks after the August 20 discovery deadline. TriZetto provided the list of customers on August 10, after which counsel exchanged several emails through Thursday, August 27. (Doc. 60-2 at 4-9). Labor Day weekend fell September 5-7. Plaintiffs filed the instant motion on September 10 in time to discuss it at the monthly status conference on September 14, after which TriZetto responded in writing. The Court sees no prejudice or lack of diligence justifying denial of the motion on this basis, and the Court prefers to resolve disputes on the merits whenever possible.

[3] Additionally, TriZetto claims that it may be contractually obligated to notify affected entities in advance before disclosing their sensitive business information, which might include patient population counts. This is not a credible concern. Healthcare providers routinely report their numbers of patients served in the public domain. To the extent some do not, TriZetto will have a reasonable time to notify its customers of the Court's order.

breach and indicates approximately how many of the provider's patients were affected by it.[4] Plaintiffs further note that federal regulations required TriZetto to identify each individual whose protected health information was compromised by the breach within 60 days of discovering it. 45 C.F.R. § 164.410.

The Court is not persuaded that discovery should be limited to providers of the Plaintiffs already named in this MDL when the central objective of this preliminary phase is to identify as many parties and claims as may be appropriately added to a consolidated complaint in order to minimize amendments thereafter. To the extent TriZetto seeks such a limitation, the Court declines to impose it. Nor is the Court persuaded that TriZetto cannot provide at least ballpark estimates of the patient populations of its customers as reflected in its notice letters. While the Court understands that TriZetto may not have completely accurate counts for the 75% of customers who didn't opt into its notice program, the estimates provided in its notice letters should be sufficient for Plaintiffs' vetting purposes at this time.

Plaintiffs filed the instant motion on September 10, 2026. During the September 14 status conference, the Court pressed Plaintiffs' counsel for a threshold number below which they don't anticipate naming small providers as defendants. That number ranged from 500 to 3,000. After full briefing and further research, the Court convened another conference on October 5 and expressed its belief that a threshold of 3,000 is too low to advance the intended purpose of this preliminary discovery – i.e., to narrow the universe of TriZetto's 33,564 customers down to a realistic and manageable number of parties and claims. The Court again asked counsel for a meaningful threshold number below which small providers were not likely to be joined as

---

4 This information was submitted in the form of a declaration of counsel, presumably because TriZetto's notice database was in a format not suitable for filing and/or the letters are deemed confidential pursuant to the parties' protective order. (Doc. 62-1, Doc. 46). It bears noting that an exemplar notice letter could have been filed under seal pursuant to Rule 13.05.

defendants. Plaintiffs again cited the OCR threshold of 500. Defendants declined to suggest a number but confirmed that TriZetto can provide whatever data the Court orders.[5] After further consideration, the Court continues to believe that a threshold of 3,000 or even 10,000 is too low to advance the intended goal of this initial phase of discovery. More specifically, the Court is concerned that such a low threshold would yield a list of still hundreds if not thousands of entities, leaving Plaintiffs no closer to their objectives. Based on the Court's review, it appears that Defendant One Community Health has the smallest patient population of the four currently named provider defendants, reporting 22,347 patients served in 2025.[6] Absent another logical benchmark from the parties, the Court concludes that a threshold of 20,000 is appropriate at this stage. The Court will therefore direct the TriZetto/Cognizant Defendants to produce a list of TriZetto customers with 20,000 or more affected patients and each provider's estimated population count.

Accordingly,

**IT IS HEREBY ORDERED** that the TriZetto/Cognizant Defendants are directed to produce, within 14 days of this order, a list of TriZetto customers with 20,000 or more patients affected by the data breach and the estimated patient count for each provider.

**IT IS FURTHER ORDERED** Plaintiffs shall file a consolidated complaint within 30 days following Defendants' production of the subject discovery. Defendant shall file Rule 12 responsive pleadings within 60 days after the complaint. Plaintiffs shall respond within 30 days. Defendants shall reply within 15 days.

---

5 Liaison counsel for the four named healthcare provider Defendants emphasized that they are not in a position to supply the information Plaintiffs seek about the other 33,560 providers who are not currently part of this litigation.

6 https://onecommunityhealth.com/wp-content/uploads/2026/10/2025-OCH-Annual-Report_09032026.pdf (last visited October 6, 2026).

**IT IS FINALLY ORDERED** that the next monthly status conference is set for **November 9, 2026**, at **1:30 p.m.** via Zoom.

Dated this 6th day of October 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE